**Lonnie Ray WALTERS, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Aug. 11, 1978.

J. Harvey Cameron, Jasper, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert E. Kendrick, Asst. Atty. Gen., Nashville, J. William Pope, Dist. Atty. Gen., Pikeville, William C. Killian, Asst. Dist. Atty. Gen., Jasper, for appellee.

## OPINION

DAUGHTREY, Judge.

The defendant-appellant, Lonnie Ray Walters, was convicted by a jury of assault and battery with intent to commit rape, and he was sentenced to serve three to ten years in the penitentiary. The sole question on appeal is whether the trial court erred in excluding evidence of the 13 year old victim's alleged prior sexual activities. The defendant insists that because the defense of consent was raised at trial, he had the "right" under T.C.A. § 40–2445 to introduce testimony by a witness who purportedly saw the victim in bed with another young man at some unspecified time during the previous year. T.C.A. § 40–2445 provides:

Specific instances of prior consensual activity between the victim and any person other than the offender shall not be admitted into evidence in prosecutions under §§ 39–3701, 39–3702, 39–3705, 39–605, 39–606 and 39–707 provided, however, that when consent by the victim is at issue, such evidence may be admitted if it is first established to the court outside the presence of the jury and spectators by the method of clearing the courtroom that such activity shows such a relation to the conduct involved in the case on the part of the victim that is relevant to the issue of consent.

At the trial, the proof showed that on the day in question the victim had drunk one or two beers before she and her sister met the 27 year old defendant and his younger brother. The defendant offered to take the two young girls home. He followed a circuitous route which need not be detailed here; but it is relevant to note that during this ride he bought more beer with the victim's money and that the child consumed some of it. And it is uncontradicted that she was intoxicated and lying on the back seat of the defendant's car when he ran out of gas on the way to her home. After the other two passengers left the car and walked down the road to get gas, the defendant dragged the victim into the woods. A sheriff's deputy who arrived on the scene shortly thereafter was attracted into the woods by her screams and discovered the victim lying on the ground in a ditch with the defendant straddling her. She was struggling to escape, and as the deputy approached the defendant "struck her right in her mouth and nose area and the blood was just flying." The defendant's pants were unzipped, the victim's pants had been pulled down, and he had "his left hand on her pubic area." The sheriff pulled the defendant off the victim, who was still screaming and "hysterical." She had swollen lips and was bleeding from her mouth and nose, her face was bruised and skinned, and "she was completely exhausted" to the point that she had to be picked up and carried away from the scene by one of the officers.

Juxtaposed to this proof was the defendant's testimony that he and the victim had gone into the woods at *her* insistence, after she had taken him by his hand and proposed they "take a walk." He said that she later fell and that as he reached to help her up she grabbed him, pulled him down and started kissing him. He said he hit her because she was "teasing" him; when asked if she had screamed, he replied, "She might had did, you know, how two are when they get sort of intoxicated, how they laugh and cut-up and holler and all this good stuff . . . ."

The jury disbelieved the defendant's claim of consent, with obvious good reason. The trial court held a § 40–2445 jury-out hearing concerning the evidence of the victim's prior sexual activity, after the defendant offered it on the question of her consent, and sustained the State's motion to exclude it. We think his ruling was correct, for two reasons. First, the defendant failed to raise anything resembling a *legitimate* defense of consent sufficient to trigger the exception in T.C.A. § 40–2445, which allows evidence of the victim's prior sexual activity *only* in those cases involving a question of consent. Second, even if there had been a sufficient threshold showing on the question of consent, there was no demonstration of relevance as required by the statute.

The defendant wholly misconstrues T.C.A. § 40–2445. That statute creates no "right" to introduce evidence of the victim's prior sexual activity whenever the defense of consent is raised, but merely allows such proof in the trial court's discretion where "such activity shows such a relation to the conduct involved in the case" to make it probative on the question of consent. The defendant made no showing of relevance at trial, and on appeal he makes no argument that the proffered evidence was relevant in this case. We are unable to divine its probative value under the established proof, and we therefore find no error in the trial court's decision to exclude it.

The judgment is affirmed.

O'BRIEN and DUNCAN, JJ., concur.