**STATE of Tennessee, Appellee,**

v.

**Bobby Glenn BURGIN, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 12, 1984.

Permission to Appeal Denied by Supreme Court April 2, 1984.

Kim A. Tollison, Knoxville, for appellant.

William M. Leech, Jr., State Atty. Gen. & Reporter, Steven A. Hart, Asst. State Atty. Gen., Nashville, William H. Crabtree, Karen D. Brock, Asst. Dist. Attys. Gen., Knoxville, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of two counts of rape and sentenced to serve five years in the penitentiary on each conviction with the sentences to run consecutively.

The defendant says the evidence is insufficient to support the verdict, says the court erroneously excluded evidence of alleged prior consensual sexual activity of the woman, says he could not be convicted of two separate rapes because the charges arose from a single transaction, and says the court erroneously ordered the sentences to be served consecutively.

The judgment is affirmed.

There is no dispute between the woman and the defendant that both vaginal intercourse and fellatio occurred. The dispute in this case is whether these acts were done by mutual consent or whether they were performed by the defendant forcibly and against the woman's will. We need not go deeply into the details of the event in resolving this case.

The woman testified the defendant used force to take her to a remote location and that he forced her to have vaginal intercourse and then forced her to perform fellatio upon him. The defendant testified that the woman initiated the activity which led to these acts and was the leading actor in bringing them about. The woman and the defendant were the only witnesses to the facts of the sexual activity. The state offered another witness to show the woman was hysterical and upset after she returned home. An officer took a statement from the woman the day following these events, and the statement was consistent with the testimony given by the woman at trial. The defendant offered evidence that the woman had indulged in consensual sexual activity with another man, and he introduced evidence of his good character.

The matter of consent or no consent presented a classic jury question. The jury resolved this matter in favor of the state's theory of the case and rejected the defendant's theory. The trial judge approved the verdict of the jury. The verdict of the jury and the approval thereof by the trial court resolves the credibility of the witnesses in favor of the state, and this Court will not reverse a case on an attack upon the evidence if there is sufficient evidence from which a rational trier of fact could find guilt beyond a reasonable doubt. There is sufficient evidence in this record for such a finding.

In a jury-out hearing mandated by T.C.A. § 40–17–119 (1982), the defendant presented two witnesses who testified they had had previous consensual sexual activity with the woman. The trial judge allowed the testimony of one of these witnesses to be heard by the jury, but excluded the testimony of the other because the alleged previous sexual activity had occurred from one and one-half to two years prior to this episode.

■ Whether to allow testimony of alleged previous sexual activity of a prosecutor when consent is an issue in a rape case is within the discretion of the trial judge. The action of the trial judge in disallowing such testimony will not be reversed unless the record shows this discretion is abused. *Walters v. State*, 578 S.W.2d 652 (Tenn.Cr. App.1978). The trial judge did not abuse his discretion in excluding this evidence.

■ The defendant says he cannot be convicted of two separate offenses of rape because the vaginal intercourse and the act of fellatio were committed in a single transaction. The single transaction test is not the rule in this state in determining whether an accused may be convicted of more than one offense committed during the course of a criminal episode. *State v. Black*, 524 S.W.2d 913 (Tenn.1975).

■ This Court has held in several cases that an accused may be convicted of more than one offense when the rape involves separate acts such as are present in this case. *See State v. Freddie Lee Gleaves*, No. 81–29–III (Tenn.Cr.App., Nashville, January 15, 1982); *State v. Gary Bowers*, No. 710 (Tenn.Cr.App., Knoxville, February 26, 1981); *Henry T. Sorrell v. State*, No. 661 (Tenn.Cr.App., Knoxville, March 10, 1980). The trial court properly entered judgment on each of the counts in this case.

The trial judge ordered the two sentences in this case to run consecutively upon a finding that the defendant was a persistent offender and that consecutive sentencing was necessary to protect society from defendant's criminal activities. The defendant had previous convictions of second degree burglary, grand larceny, obtaining goods by false pretense, and assault and battery.

■ In *Gray v. State*, 538 S.W.2d 391 (Tenn.1976), a persistent offender was defined as a person who had previously been convicted of two felonies or of one felony and two misdemeanors. The defendant obviously fits the description. The trial judge, who had observed the defendant and was required to determine whether the defendant was likely to commit further crimes, rather than to be rehabilitated, concluded that consecutive sentences were required in this case. If there is evidence to support the finding of the trial court, these conclusions will not be overturned on appeal. The evidence in this case supports the action of the trial judge.

DUNCAN, J., concurs.

DAUGHTREY, J., concurs with opinion.

DAUGHTREY, Judge, concurring.

I continue to believe that the events described in the Court's opinion, however unfortunate, involved only a single episode and grew out of a single assault. If this view is correct, the defendant is properly subject to a single penalty for his offense.

The great majority of my colleagues on the Court disagree with this view, however. In several unreported cases they have repeatedly held that different kinds of forced sexual intimacy, although part of the same general assault and punishable under the same statutory definition of penetration, T.C.A. § 39–2–602(11), nevertheless constitute separate crimes punishable by separate and even consecutive penalties. *See also State v. Peacock*, 638 S.W.2d 837 (Tenn.Cr.App.1982). Until our Supreme Court holds otherwise, this appears to be the prevailing rule in Tennessee, and although I do not agree with this interpretation of our sexual offenses law, I have no alternative but to concur in the judgment in this case.