# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### November 5, 2002 Session

## STATE OF TENNESSEE v. SAMMY D. CHILDERS

**Direct Appeal from the Circuit Court for Hardin County**
**No. 8015      C. Creed McGinley, Judge**

_____

### No. W2002-00006-CCA-R3-CD - Filed January 30, 2003

_____

The Appellant, Sammy D. Childers, appeals his jury convictions for two counts of aggravated assault. Following these convictions, the Circuit Court of Hardin County sentenced Childers to concurrent sentences of five years, with ninety days to be served in confinement, followed by four years and nine months of supervised probation. On appeal, Childers raises one issue for our review; whether he is entitled to a new trial because of alleged juror misconduct. After reviewing the record before us, we find this issue to be without merit and affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and ROBERT W. WEDEMEYER, JJ., joined.

Dennis W. Plunk, Savannah, Tennessee, for the Appellant, Sammy D. Childers.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; P. Robin Dixon, Jr., Assistant Attorney General; G. Robert Radford, District Attorney General; and John W. Overton, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On March 26, 2001, a Hardin County grand jury indicted the Appellant for aggravated burglary and two counts of aggravated assault. Following a jury trial, the Appellant was found guilty on the two counts of aggravated assault, for which he received concurrent five-year split confinement sentences.

The Appellant raises an issue relating to alleged juror misconduct. Specifically, he contends that, during the jury selection process, juror Tina Arnold failed to disclose her prior acquaintance

with a victim, Derrick Benson, and that failure to disclose this fact resulted in prejudice. During *voir dire,* the entire panel of prospective jurors was asked if any of them knew the three defendants, the two victims, Derrick Benson and Pam Brown, or any of the intended witnesses. Later, after Ms. Arnold was seated as a prospective juror, the panel as seated was again asked by the trial judge: "Any of you close acquaintanceship with any of the people involved in this case such that it might affect your ability to be fair? . . ." Tina Arnold did not respond.

In the Appellant's motion for new trial, he asserts that:

[H]e was not afforded a fair and impartial trial in that on or about August 8, 2001, one of the alleged "victims" of aggravated assault in said indictment, being Pam Brown, told your Defendant Sammy D. Childers, that one of the Jurors impaneled, to-wit, Tina Arnold, did in fact have an acquaintance or relationship with the parties in that she was good friends with the alleged "victim" Derrick Benson and his family, and according to said Pam Brown, said Juror, Tina Arnold, had been boating on the river with and socialized in the home of said Derrick Benson when said Pam Brown had been present.

At the hearing on the motion for new trial, Ms. Arnold testified that she did not respond to the question regarding close acquaintanceship, "because [she] didn't feel it would have an affect on [her] judgment as of anyone." In addition, the following colloquy occurred:

Q. Of course, in this Motion for New Trial, my client is alleging that you had an acquaintanceship or relationship with one of the victims in that case, Mr. Derrick Benson, and his family. Is that true or not?

A. To answer that question, I will say that I have been an acquaintance of Mr. Benson. He was a best man in a friend of mine's wedding. I have been on a boat with him at one time. But to say I am good friends with him, no, I am not. . . .

Q. You said you were on the boat with Mr. Benson?

A. It was a friend of mine's boat that they went with him. Conversation-wise, it may have been, "Hi, how are you," something like that.

Q. When was that? Was that this past summer?

A. Sometime back in the summer. . . .

Q. Did you have any discussion with Mr. Benson about any of this stuff?

A. No, sir.

Q. Did you share anything in the jury room about your acquaintanceship with Mr. Benson?

A. No, sir, I did not. . . .

THE COURT: Ms. Arnold, was this case decided on anything other than the evidence and the law that was presented?

THE WITNESS: No, sir.

The trial court denied the Appellant's motion for new trial, finding, "there's nothing to indicate that this case was decided on any type of jury misconduct. To the contrary, it appears that it was appropriately decided totally on the evidence and the law, so your Motions will be overruled in their entirety." This timely appeal followed.

## ANALYSIS

The Sixth Amendment to the United States Constitution and Article I, Section IX of the Tennessee Constitution guarantees a criminal defendant the right to trial "by an impartial jury." Moreover, the Tennessee Constitution guarantees every accused "a trial by a jury free of . . . disqualification on account of some bias or partiality toward one side or the other of the litigation." *State v. Akins*, 867 S.W.2d 350, 354 (Tenn. Crim. App. 1993) (quoting *Toombs v. State*, 270 S.W.2d 649, 650 (Tenn. 1954)). Thus, the function of voir dire is essential. Voir dire permits questioning by the court and counsel in order to lead respective counsel to the intelligent exercise of challenges. *Id*. (citing 47 AM. JUR. 2D *Jury* § 195 (1969)). "Since full knowledge of facts which might bear upon a juror's qualifications is essential to the intelligent exercise of peremptory and cause challenges, jurors are obligated to make 'full and truthful answers . . . neither falsely stating any fact nor concealing any material matter.'" *Id*. at 355 (quoting 47 AM. JUR. 2D *Jury* § 208 (1969)).

The common law rules governing challenges to juror qualifications typically fall in two categories: *propter defectum* or *propter affectum*. An objection based upon general disqualifications, such as alienage, family relationship, or statutory mandate, falls within the *propter defectum*, or "on account of defect," class, and, as such, must be made before the return of a jury verdict. *Id*. *Propter affectum*, meaning "on account of prejudice," is based upon the existence of bias, prejudice, or partiality towards one party in the litigation actually shown to exist or presumed to exist from circumstances and may be challenged after the return of the jury verdict. *Id*. This court has described "[b]ias in a juror [as] a leaning of the mind; propensity or prepossession towards an object or view, not leaving the mind indifferent; a bent; for inclination." *Id*. at 354 (citation omitted). Thus, when a juror conceals or misrepresents information tending to indicate a lack of impartiality, a challenge may properly be made in a motion for new trial. *Id*. at 355.

"When a juror willfully conceals (or fails to disclose) information on voir dire which reflects on the juror's lack of impartiality, a presumption of prejudice arises." *Id*. (citing *Durham v. State*,

188 S.W.2d 555, 559 (Tenn. 1945)).  The presumption of bias, however, may be dispelled by an absence of actual favor or partiality by the juror.  *See State v. Taylor*, 669 S.W.2d 694, 700 (Tenn. Crim. App. 1983), *perm. to appeal denied*, (Tenn. 1984).  Moreover, the Appellant bears the burden of providing a prima facie case of bias or partiality.  *Akins*, 867 S.W.2d at 355 (citing *Taylor*, 669 S.W.2d at 700).

In the instant case, the defense failed to prove the veracity of these allegations.  Pam Brown was not called to testify at the motion for new trial hearing.  The uncontroverted proof reveals that juror Arnold did not have a close acquaintanceship with the victim, Derrick Benson.  The trial court found that the "case was not decided on any type of juror misconduct."  Findings of fact made by the trial court are given the weight of a jury verdict.  *State v. Burgin*, 668 S.W.2d 668, 669 (Tenn. Crim. App. 1984).  Furthermore, as noted by the trial court,

> [I]n Hardin County and some other small counties that are not real large, we could not try a lawsuit where someone didn't have a passing acquaintanceship with someone. Nothing wrong with knowing someone unless that might cause you to treat the lawsuit differently or to not be able to be completely fair to both sides.

In fact, several jurors who served on this panel had passing acquaintanceships with persons involved in the case.  We are not at liberty to reverse the trial court's finding unless the evidence clearly preponderates against the court's conclusion that juror Arnold was not biased or partial.  As the Appellant has failed to show any bias or partiality on the part of the challenged juror, we defer to the trial court's findings.  This issue is without merit.

## CONCLUSION

After review, we find that the Appellant is not entitled to a new trial because of alleged juror misconduct.  Accordingly, the judgment of convictions finding the Appellant guilty of two counts of aggravated assault are affirmed.

_____
DAVID G. HAYES, JUDGE